CONNALLY et al. v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Fifth Circuit. February 27, 1924.)

No. 4237.

1. **Judgment ☞199(1)—Motions ☞62—Invalidity of order for judgment non obstante veredicto held not to affect part of same order setting aside verdict.**

   The invalidity of that part of an order during term in rendering judgment for the defendant non obstante veredicto did not affect the part of the same order which set aside the verdict, and the striking from the order of the invalid part did not result in leaving the verdict in effect.

2. **Judgment ☞198—No judgment can be entered after verdict set aside.**

   When verdict was set aside, the issues of fact were left undetermined, and until they should be determined anew no judgment on the merits could be given.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit by C. C. Connally and others against the Louisville & Nashville Railroad Company. Judgment for defendant. and plaintiffs bring error. Writ of error dismissed.

J. H. Mize, of Gulfport, Miss. (Mize & Mize, of Gulfport, Miss., on the brief), for plaintiffs in error.

Harry H. Smith, of Mobile, Ala., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and SIBLEY, District Judge.

WALKER, Circuit Judge. The writ of error in this case was sued out by the plaintiff below to obtain a review of a judgment rendered on September 14, 1923, which is described below. The suit was brought by the plaintiffs in error to recover damages for the death of Margaret Connally, which was attributed to the negligent operation of a train of the defendant in error. The case was tried in June, 1923, and there was a verdict in favor of the plaintiffs. During the term at which that verdict was rendered, the defendant made a motion to set aside that verdict and the judgment rendered thereon and to grant a new trial, and also made a motion to set aside the verdict and that judgment be rendered for the defendant non obstante veredicto. An order made by the court during the same term, after referring to said motions, stated as follows:

"It is therefore ordered, adjudged, and decreed by the court that the said motion for a new trial and motion to set aside the verdict and judgment in favor of the plaintiffs, and render a judgment for the defendant non obstante veredicto, be and the same are hereby taken under submission for determination by the court, and the term of this court is hereby extended for the period of one year, and the control of this cause and the right to render judgments upon said motions is hereby continued until such time during this term, or during vacation, or at the next term of this court to be held in Biloxi, for the Southern division of the Southern district of Mississippi, when the court shall render judgment upon said motions, until such further time as may be ordered by the court.

"It is further ordered, adjudged, and decreed by the court that both parties to this cause be and they are hereby allowed, for the purpose of present-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing a bill of exceptions and having the same allowed, 60 days after the final disposition of said motion for a new trial and motion to set aside the verdict of the jury and the judgment rendered thereon and to render a judgment for the defendant non obstante veredicto, and the control of the court over this cause is hereby reserved and continued until 60 days after the final disposition of said motions, and for such purposes this term of court is hereby continued until after 60 days after the final disposition of said motions.

"It is further ordered, adjudged, and decreed by the court that execution in this cause be stayed until final disposition of said motions."

On August 23, 1923, the court made an order, of which, omitting preliminary recitals thereof, the following is a copy:

"Each and both of said motions have been duly considered and understood by the court, and the court is of the opinion that the verdict of the jury in favor of the plaintiffs is not supported by the evidence, and that said verdict and the judgment rendered thereon should each and both be set aside and held for naught; and the court is further of the opinion that plaintiffs have no cause of action, and that judgment should be rendered in favor of defendant non obstante veredicto, and that no new trial should be had:

"It is therefore ordered, adjudged, and decreed by the court that the verdict of the jury in favor of plaintiffs, and the judgment rendered thereon, be and each and both of them are hereby severally and separately set aside and held for naught. It is further ordered, adjudged, and decreed that the judgment is hereby rendered in favor of the defendant non obstante veredicto, and that the defendant go hence without day, and have and recover of the plaintiffs all of its costs in this behalf expended, for which let execution issue. The plaintiffs except and are hereby given 60 days to file their bill of exceptions."

On September 14, 1923, the court made the following order or judgment:

"This cause having been further considered by the court upon the motion of the defendant to set aside the verdict rendered in the above-entitled cause and grant a new trial therein, and for a judgment in favor of the defendant non obstante veredicto, the court is of opinion that it was error to render a judgment in said cause in favor of the defendant non obstante veredicto, and that the judgment heretofore rendered upon said motions should therefore be amended; and it is therefore ordered, adjudged, and decreed by the court that the judgment heretofore rendered by it upon the defendant's said several motions be and the same is hereby amended, so as to read as follows: 'The court being of the opinion that the verdict of the jury in favor of the plaintiffs is not supported by the evidence, and that said verdict and the judgment thereon should each and both be set aside and held for naught, and a new trial granted in said cause: It is therefore ordered, adjudged, and decreed by the court that the verdict of the jury in favor of the plaintiffs and the judgment rendered thereon be and each and both of them are hereby severally and separately set aside and held for naught, and that a new trial of said cause be and the same is hereby granted. The defendant does not object to this order, but plaintiffs except and are hereby given 6 months to file their bill of exceptions.'"

[1] In behalf of the plaintiff in error it is contended that the part of the court's order of August 23d which sustained defendant's motion for judgment in its favor non obstante veredicto was invalid, that the result of such invalidity and of the overruling of the motion for a new trial was to leave the verdict in effect, and that the verdict was not subject to be set aside by the order of September 14th, as that order was made after the expiration of the term at which the verdict was rendered. This contention involves the assumption of the existence of a state of facts materially different from that disclosed by the record. The

term of the court at which the verdict was rendered, as that term was extended by the court's first above set out order, had not expired when the order of September 14th was made, and consequently the court's power over the case continued up to that time. The order and judgment of August 23d explicitly set aside the verdict. The invalidity of the action of the court in rendering judgment for the defendant non obstante veredicto did not affect its action in setting aside the verdict. The striking from that order of the invalid part of it does not result in leaving the verdict in effect, as by the valid and unimpeached part of that order the verdict was set aside.

[2] "When the verdict was set aside, the issues of fact were left undetermined, and until they should be determined anew no judgment on the merits could be given." Slocum v. New York Life Insurance Co., 228 U. S. 364, 380, 33 Sup. Ct. 523, 529 (57 L. Ed. 879, Ann. Cas. 1914D, 1029). So far as the order of September 14th dealt with the verdict, it was a mere repetition of part of the order of August 23d. Under each of those orders no verdict was left upon which to base a judgment. As the record shows no final judgment subject to be reviewed, the writ of error is dismissed, and the cause is remanded for a new trial.

Writ of error dismissed.